U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Max G. Linton and David Martin,
    Plaintiffs

v.

Prestige Pool and Spa LLC and
Anthony DeFabrizio,
    Defendants

Case No: 6:23-cv-1345

## COMPLAINT AND JURY TRIAL DEMAND – COLLECTIVE ACTION

Plaintiffs, Max G. Linton and David Martin, in their individual capacity and also collectively on behalf of all similarly situated individuals, sue Defendants, Prestige Pool and Spa LLC and Anthony DeFabrizio, as follows:

### JURISDICTION

1. Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act

1

("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act.

## PARTIES

2. Defendant Prestige operates a pool cleaning and supply service.

3. The Plaintiffs formerly worked for Defendant Prestige as pool technicians within the past three years.

4. The additional similarly situated individuals who may become plaintiffs in this action are or were pool technicians employed by Defendants within the past three years who worked more than 40 hours per week in any work week and whom Defendants classified as independent contractors.

5. At all material times, Defendant Prestige Pool and Spa LLC ("Presitige") was a Florida corporation with its principal place of business in Seminole County, Florida.

6. On information and belief, at all material times, Defendant Anthony DeFabrizio was, and continues to be, an individual resident of Seminole County, Florida.

7. During the time period at issue in this lawsuit, Defendant DeFabrizio had operational control of Prestige's day-to-day functions with respect to Plaintiffs and all similarly situated individuals, including determining compensation of employees and contractors, hiring and discharging employees and contractors, controlling employees and contractors, and establishing terms and conditions of employment of employees and contractors.

8. As a result, Defendant DeFabrizio is personally liable for the claims asserted herein to the same extent as Defendant Prestige.

## FLSA Enterprise Coverage

9. Within the past three years, Defendant Prestige had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

10. For example, without limitation, at all relevant times, Defendant Prestige had two or more workers who, on its behalf:

    a. Regularly drove work trucks owned by Prestige that had moved in or were produced for interstate commerce from job site to job site;

    b. Regularly used pool cleaning tools and equipment owned by Prestige that had moved in or were produced for interstate commerce for cleaning and maintaining client swimming pools;

    c. Regularly used chemical materials that had moved in or were produced for interstate commerce for cleaning and maintaining client swimming pools;

    d. Regularly sold pool-related goods and materials that had moved in interstate commerce to customers;

    e. Regularly cleaned swimming pools at the request of and for the benefit of property owners residing or located outside the state of Florida;

    f. Regularly cleaned swimming pools at short-term rental properties used by out-of-state visitors to central Florida;

    g. Regularly wore uniforms manufactured outside of Florida;

    h. Regularly accepted payments using the instrumentalities of interstate commerce; and

    i. Regularly accepted and placed telephone calls from and to clients outside of Florida.

11. At all material times, Defendant Prestige had an annual dollar volume of sales or business done of at least $500,000.

12. At all material times, Defendant Prestige was an "enterprise" as defined by the FLSA and its employees are subject to enterprise coverage thereunder.

## FLSA Individual Coverage

13. As pool technicians for Defendants, Plaintiffs and similarly situated individuals regularly engaged in interstate commerce.

14. For example, without limitation, as pool technicians for Defendants, Plaintiffs and similarly situated individuals:

    a. Regularly drove work trucks owned by Prestige that had moved in or were produced for interstate commerce from job site to job site;

    b. Regularly used pool cleaning tools and equipment owned by Prestige that had moved in or were produced for interstate commerce for cleaning and maintaining client swimming pools;

    c. Regularly used chemicals and other consumable materials and products that had moved in or were produced for interstate commerce for cleaning and maintaining client swimming pools;

    d. Regularly delivered and installed pool-related goods and materials that had moved in interstate commerce for customers;

    e. Regularly cleaned swimming pools at the request of and for the benefit of property owners residing or located outside the state of Florida;

    f. Regularly cleaned swimming pools at short-term rental properties used by out-of-state visitors to Central Florida;

    g. Regularly wore uniforms manufactured outside of Florida; and

    h. Regularly used the instrumentalities of interstate commerce for communication.

15. Plaintiffs and similarly situated individuals are subject to individual coverage under the FLSA.

## GENERAL ALLEGATIONS

16. Plaintiffs and similarly situated individuals were engaged ostensibly as independent contractors to perform pool cleaning and maintenance for Defendant Prestige's customers on Prestige's behalf.

17. Plaintiffs and similarly situated individuals were improperly classified as independent contractors. They should have been classified as employees.

18. Plaintiffs and similarly situated individuals generally reported to Defendants' office (Defendant DeFabrizio's home) to pick up their work truck and begin work each work day.

19. Plaintiffs and similarly situated individuals reported for work at an hour fixed by Defendants.

20. Plaintiffs and similarly situated individuals generally left their personal vehicle at DeFabrizio's home to drive their work trucks for the day, and returned to DeFabrizio's home at the end of the work day.

21. The work trucks and all of the tools, materials, and chemicals used were owned by and provided by Defendant Prestige at Prestige's expense.

22. Plaintiffs and similarly situated individuals identified themselves to customers as representatives of Defendant Prestige.

23. Plaintiffs and similarly situated individuals wore Prestige uniforms, which were provided by Defendant Prestige at Prestige's expense.

24. Plaintiffs and similarly situated individuals were assigned to and required to work routes and jobs determined by Defendants.

25. The route and order of the jobs was determined by Defendants.

26. Plaintiffs and similarly situated individuals were paid a percentage of the receipts for pools they cleaned and maintained.

27. However, Plaintiffs and similarly situated individuals were required to rely upon Defendants' representations and calculations

regarding the receipts for the pools they cleaned and the calculation of the wages due. No back-up documentation or calculations were provided.

28. Defendants set the pricing for the services.

29. Defendants failed to keep accurate records of hours worked.

30. Within the past three years, Plaintiffs and similarly situated individuals regularly worked more than 40 hours in a work week.

31. Defendants failed to compensate Plaintiffs and similarly situated individuals at a rate of one and one-half times their regular rate for all hours worked in excess of forty hours in a single work week.

32. Plaintiffs have retained the undersigned attorney and agreed to pay a reasonable fee for the firm's services.

### Count I – Recovery of Overtime Compensation

33. Plaintiffs restate the allegations of paragraphs 1 through 32, above.

34. The Defendants have violated the FLSA by:

   a. Failing to compensate Plaintiffs and similarly situated individuals at one and one-half times their regular rate for all hours worked in excess of forty hours per week;

   b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

35. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA.

36. Defendants failed to properly disclose or apprise Plaintiffs and similarly situated individuals of their rights under the FLSA.

37. Due to the willful and unlawful acts of Defendants, Plaintiffs and similarly situated individuals suffered damages and lost compensation for time worked in excess of forty hours per week.

38. Plaintiffs and similarly situated individuals are also entitled to liquidated damages pursuant to the FLSA.

39. Plaintiffs and similarly situated individuals are also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

COUNT II – DECLARATORY JUDGMENT

40. Plaintiffs restate the allegations of paragraphs 1 through 32, above.

41. Plaintiffs and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

42. This Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

43. The Defendants have violated the FLSA by:

   a. Failing to compensate Plaintiffs and similarly situated individuals at one and one-half times their regular rate for all hours worked in excess of forty hours per week;

   b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

44. Plaintiffs and similarly situated individuals are entitled to declaratory relief.

45. Plaintiffs and similarly situated individuals are entitled to overtime compensation.

46. Plaintiffs and similarly situated individuals are entitled to an equal amount of liquidated damages.

47. It is in the public interest to have these declarations of rights recorded.

48. This declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

49. The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

    b. Awarding Plaintiffs (individually) and all similarly situated individuals overtime compensation in the amount due for all time worked in excess of forty hours per work week;

    c. Awarding Plaintiffs (individually) and all similarly situated individuals liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiffs (individually) and all similarly situated individuals reasonable attorney's fees and costs and expenses of litigation pursuant to 29 U.S.C. sec. 216(b);

    e. Awarding Plaintiffs (individually) and similarly situated individuals pre-judgment interest; and

    f. Ordering any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted July 18, 2023.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
REED MAWHINNEY & LINK
53 Lake Morton Drive, Suite 100
Lakeland, FL 32803
Office: 863-687-1771
Mobile: 863-288-0234
Service emails:
Kemp@PolkLawyer.com
JKBService@PolkLawyer.com
Counsel for Plaintiffs