UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MAX G. LINTON** and **DAVID MARTIN**,

    Plaintiffs,

vs.

Case No.: 6:23-CV-01345-WWB-RMN

**PRESTIGE POOL AND SPA LLC** and **ANTHONY DEFABRIZIO**,

    Defendants.

_____

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

Plaintiffs, MAX G. LINTON and DAVID MARTIN (collectively "Plaintiffs"), and Defendants PRESTIGE POOL AND SPA, LLC. and ANTHONY DE FABRIZIO (collectively "Defendants"), hereinafter collectively referred to as the "Parties," by and through the undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice, and state the following in support thereof:

1

1. Plaintiffs filed the instant action alleging misclassification and unpaid overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") (Doc. 1).

2. Defendants adamantly opposed this claim, raising disputes regarding the following issues: 1) the wages alleged to be owed to Plaintiffs; 2) the number of hours worked by Plaintiffs; 3) whether Plaintiffs were employees or independent contractors; 4) Plaintiffs allegations that Defendants willfully violated the FLSA; and 5) whether or not a purported collective existed.

3. The parties, through their counsel, were involved in extensive settlement negotiations and in-depth discussions about the case.

4. Plaintiffs estimated that if they could establish that they were employees, and that if they worked all of the hours alleged on a week-by-week basis, they would be entitled to an amount equal to:

   a. as to Plaintiff Martin, $38,862.50 ($77,725.00 if the Court were to have awarded liquidated damages); and

   b. as to Plaintiff Linton, $39,446.10 ($78,892.20 if the Court were to have awarded liquidated damages.

Plaintiffs based this calculation upon their assertion that they each worked approximately 10 hours of overtime each week in each of 125 weeks (Martin) or 137 weeks (Linton) between July 18, 2020 and July 18, 2023.

Plaintiffs' calculations are based on an assumption that the Court would find that Defendants acted willfully, which would have entitled them to three years of damages as opposed to two, and on an assumption that their pay was intended to compensate them for a 40-hour work week. Had the Court only awarded two years of damages and based the calculation on a finding that their pay was intended to compensate them for a fluctuating work week, Plaintiffs Martin and Linton would have been awarded substantially less in unpaid wages – approximately $7,500 each, plus liquidated damages.

5. Defendants disputed the allegations that Plaintiffs were entitled to any overtime compensation, or that they were even employees. Defendants maintained that Plaintiffs were both independent contractors and met that classification appropriately using the economic realities test. Defendants denied, and still do, owing Plaintiffs any overtime compensation.

6. Based on these discussions, analysis, and exchange of information, the parties stipulate and represent that there is a *bona fide*

dispute between the parties regarding the merits of Plaintiffs' case and the back wages and other damages and relief claimed therein.

7. Based on the facts and arguments discussed and presented between the parties, Plaintiffs and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate.

8. Accordingly, each Plaintiff agreed to accept the sum of Five Thousand and 00/100 dollars ($5,000.00) in overtime compensation, and an equal amount of Five Thousand and 00/100 dollars ($5,000.00) in liquidated damages. This represents a compromised payment for all amounts alleged by Plaintiffs to be owed to them individually, to include all alleged overtime wages and liquated damages, and is an amount which represents a compromise between the fully liquidated amounts calculated by each of the Parties.

9. The Parties then reached an agreement regarding the issue of attorney's fees and costs, pursuant to which Defendants have agreed to pay Plaintiffs' counsel the sum of Four Thousand Dollars ($4,000.00) to cover attorneys' fees and costs that were incurred or fronted by Plaintiffs' counsel. The attorneys' fees in this case were agreed upon separately and without

regard to the amount to be paid to Plaintiffs. A copy of the Settlement Agreement is attached to this Motion as **Exhibit "A."**

10. The Settlement Agreement will result in Plaintiffs receiving a payment immediately, instead of waiting for a possible payment at an unknown future date, or if Defendants are correct, the potential reimbursement of Defendants costs. The Settlement Agreement further allows the Parties to put this case and all wage issues related to Plaintiffs' relationship and alleged employment with Defendants behind them so that they can eliminate the distractions of litigation and focus on other matters.

11. The Parties entered into the Settlement Agreement with the intention of permanently resolving any and all FLSA claims asserted, or which could have been asserted, in the case against Defendants.

## DISCUSSION

12. A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it constitutes a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects a reasonable

5

compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.*

13. With respect to attorney's fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id.*

14. In the case at bar, the Parties stipulate that the issue of Plaintiffs' recovery was negotiated independently and resolved to the Plaintiffs' satisfaction. The amount of Plaintiffs' recovery represented a compromise based upon a *bona fide* dispute as to the issues of whether wages are owed to Plaintiffs at all; the number of hours worked by Plaintiffs; whether Plaintiffs were independent contractors or employees; whether Defendants willfully violated the FLSA; and whether liquidated damages should be imposed. Thereafter, the Parties, separately and without regard to the amount paid to Plaintiffs, negotiated the amount of fees and costs that would be paid, and reached the agreement described above.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement and dismissing this action with prejudice.

Respectfully submitted, October 16, 2023

<u>/s/ J. Kemp Brinson</u>
J. Kemp Brinson, Esquire
Florida Bar No.: 752541
REED MAWHINNEY & LINK
53 Lake Morton Drive Suite #100
Lakeland, FL 32803
Email: Kemp@PolkLawyer.com
Phone: (863) 687-1771

**Attorney for Plaintiffs**

<u>/s Paul L. Sutherland</u>
Paul L. Sutherland, Esq.
Florida Bar No. 1008093
WILSON MCCOY, P.A.
100 E. Sybelia Ave., Suite 205
Maitland, Florida 32751
Telephone: (407) 803-5400
E-mail: Psutherland@wilsonmccoylaw.com

**Attorney for the Defendants**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of October 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*s/ Paul L. Sutherland*
Paul L. Sutherland, Esq.