# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MAX G LINTON; and DAVID MARTIN,

    Plaintiffs,

v.

PRESTIGE POOL AND SPA LLC; and ANTHONY DEFABRIZIO,

    Defendants.

Case No. 6:23-cv-1345-WWB-RMN

## ORDER[1]

This cause comes before the Court for consideration without oral argument on the parties' Joint Motion for Settlement Approval (Dkt. 21), filed October 16, 2023, as well as the additional statement of counsel (Dkts. 23, 24).

### I. BACKGROUND

On July 18, 2023, Plaintiffs Max G Linton and David Martin filed a Complaint against Defendants Prestige Pool and Spa, LLC, and Anthony DeFabrizio alleging misclassification and unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Plaintiffs allege they were employees who worked approximately 10 hours of overtime each week in each

---

[1] Both parties consented to the exercise of jurisdiction by a magistrate judge for this joint motion. Dkt. 25. Accordingly, the motion was referred to me by an Order of Reference on October 18, 2023. Dkt. 26.

of 125 weeks (Plaintiff Martin) or 137 weeks (Plaintiff Linton) between July 18, 2020, to July 18, 2023, without being properly compensated for such overtime work. Dkt. 21 at 3.

On October 16, 2023, the parties filed a "Joint Motion for Settlement Approval" (the "Motion"). Dkt. 21. The parties inform the Court that they have negotiated a settlement of Plaintiffs' claims. Under the terms of the settlement agreement, Plaintiffs will each receive $5,000.00 for alleged unpaid wages and an equal amount for liquidated damages, for a total of $10,000.00 each. Dkt. 21 at 4; Dkt. 21-1 at 4. Plaintiffs' counsel will receive $4,000.00 for attorney's fees and costs. Dkt. 21 at 4; Dkt. 21-1 at 4. The parties ask the Court to approve the FLSA Settlement Agreement and to dismiss the case with prejudice.

## II.  LEGAL STANDARD

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of [Plaintiff's] success on the merits;
(5) the range of possible recovery; and
(6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

### III.  ANALYSIS

#### A.  The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354–55. The parties contend that Plaintiffs' recovery is a compromise. Dkt. 21 at 4. This is a classification case in which the parties disputed liability and the number of hours worked. *See id.* at 2. Because Plaintiffs are receiving less than the amount they claimed (*Compare* Dkts. 14 at ¶ 7, and 15 at ¶ 7 *with* Dkt. 21 at 4; Dkt. 21-1 at ¶ 3), they have compromised their FLSA claims.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 21 at 3. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* at 4. The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.* Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiffs compromised the amount of their original claims, the Court finds the settlement amount fair and reasonable. The Court therefore finds the consideration being paid to Plaintiffs to resolve their FLSA claims is fair and reasonable.

### B. The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $4,000.00 in fees and costs that include the filing of this action, the parties represent that they were negotiated separately from Plaintiffs' recovery. Dkt. 21 at 4. The Court finds that the amount is reasonable on its face, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

Nevertheless, the fee award appears reasonable even under a lodestar analysis. Counsel represents that their billable rates are $281.07 an hour, Dkt. 24 at 2, which the Court finds is reasonable in view of the rates typically

charged in this district for attorneys with similar experience. Counsel also represents that they have performed 12.1 hours of work on this matter, Dkt. 24, which is not excessive in this case.[3] Because the proposed award is significantly less than the lodestar amount, the $4,000.00 award in attorney's fees and costs is reasonable. The Court therefore approves $3,403.00 in attorney's fees and $597.00 in costs.

## IV.  CONCLUSION

In view of the above, the Court concludes that the proposed settlement agreement is fair and reasonable. It is therefore **ORDERED**:

1. The Joint Motion for Settlement Approval and to Dismiss this Action with Prejudice (Dkt. 21) is **GRANTED**;
2. This case is dismissed with prejudice; and
3. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Orlando, Florida, on October 24, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[3] The 21.1 hours worked in this case contemplates all time spent for both Plaintiffs in this matter. *See id.* at 1.